# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DERRICK POSS                                                                                                   PLAINTIFF

v.                                                                                                    No. 4:10CV127-P-D

CHRISTOPHER EPPS, ET AL.                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Derrick Poss, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Prison Litigation Reform Act governs this case because the plaintiff was incarcerated when he filed this suit. Poss alleges that the defendants violated his right to due process in finding him guilty of a rule violation report for possession of contraband (a sim card). As a result of the rule violation, Poss lost six months trusty time and was placed in a more restrictive custody classification. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Classification

The plaintiff's claim regarding his more restrictive custody classification must be dismissed. Inmates have neither a protectable property nor liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention"

except in extreme circumstances.  *McCord*, 910 F.2d at 1250 (citations omitted).  The plaintiff has not set forth any extreme circumstances warranting this court's intervention.  As such, the plaintiff's claim regarding his custody classification must be dismissed.

## Loss of Earned Time

The plaintiff contends that defendants violated his constitutional rights by stripping him of earned "trusty" time credits which count toward his early release from confinement.  Section 1983 is not the appropriate vehicle for seekig recovery of lost earned time credits.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Section 1983 is likewise improper for an inmate suit for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement.  *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*.  The Court subsequently has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences.  *Edwards v. Balisok*, 520 U.S. 641 (1997).  "[I]f a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983.  If it would so entitle him, he must first get a *habeas* judgment."  *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).  Because plaintiff, if successful in the present case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit under § 1983,

and the present case will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of November, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE